IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

     v.                                              Crim. No. 2:18-MJ-00308
                                                        **ELECTRONICALLY FILED**

DAYMON CASSANOVA OTTEY

        Defendant.

## MEMORANDUM ORDER

### I.      Introduction

Pending before this Court is the Defendant's Motion for Reconsideration of Order of

Detention and for *De Novo* Hearing. Doc. 22. The Court has thoroughly reviewed the

Defendant's Motion, the Government's Response, and the transcript of the detention hearing of

Defendant Ottey conducted by United States Magistrate Judge Robert C. Mitchell. The Motion

for Reconsideration (appeal) is now ripe for disposition. In light of Defendant's important

liberty interest, the Court's review has been expedited.

### II.     Standard of Review

The United States Court of Court of Appeals for the Third Circuit has determined that

the appropriate standard of review is *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d

Cir. 1985). Even though the new Bail Reform Act, 18 U.S.C. §3141, *et seq*, does not specifically

grant *de novo* review to the District Court, the United States Court of Appeals for the Third

Circuit has found that, "nothing in the new Act suggests that Congress intended to change that

practice." *United States v. Delker*, 757 F.2d at 1394. Finally, at the evidentiary level, *de novo*

review does not require an additional or independent evidentiary hearing by the District Court,

and the Court may incorporate the transcript of the proceedings before the Magistrate Judge

including any exhibits admitted therein.  *United States v. Chagra*, 850 F.Supp. 354, 357 (W.D.Pa 1994).

The law governing the "presumption" of detention is as follows:

> Where the record reflects probable cause to believe the defendant has committed a crime of violence or an offense for which the maximum term of imprisonment is ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801, *et seq*., the Bail Reform Act creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person in the community.  18 U.S.C. § 3142(e); *United States v. Perry*, 788 F.2d 100, 106 (3d. Cir. 1986). A defendant may rebut the presumption by presenting "some credible evidence" that he will not pose a threat to the community upon his release. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (to rebut the presumption "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community.") *citing United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985); *United States v. Giampa*, 755 F.Supp. 665, 668 (W.D. Pa. 1990). *United States v. Turner*, 2008 WL 4186212 *1 (W.D. Pa. 2008).

According to Section 3142(g), the following four factors must be considered:

(1)  the nature and circumstances of the offense;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person, including his character, family, employment, finances, length of residence, ties to community; drug abuse history, criminal history and record of appearance at court proceedings and whether he was on bond at the time of the charged offense; and

(4)  the nature and seriousness of the danger posed by the person's release.

### III.    Background/Discussion

On March 8, 2018, a Criminal Complaint (doc. 3) was filed against Defendant Ottey, and his Co-Defendant Campbell, charging both with Conspiracy to Commit Armed Bank Robbery (18 U.S.C. § 371, 18 U.S.C § 2113(d)) and Armed Bank Robbery (18 U.S.C § 2113(d), 18 U.S.C.

§2), charging defendant Campbell with Brandishing a Firearm During and In Relation to a Crime of Violence (18 U.S.C § 924(c)(1)(A)(ii)), and charging Defendant Ottey with Possession of a Firearm by a Convicted Felon (18 U.S.C § 922(g)(1)).

On March 15, 2018, following a combined preliminary hearing and detention hearing (the transcript of which the Court has thoroughly reviewed), United States Magistrate Judge Mitchell granted the Government's request that Defendant Ottey be detained without bail. On March 23, 2018, Defendant filed a Motion for Reconsideration (which is akin to a notice of appeal) from Magistrate Judge Mitchell's Order, and requested a *De Novo* Hearing before this Court.

The Defendant contends that reconsideration is warranted based upon the evidence presented at the detention hearing. Specifically, Defendant argues that is alleged to have had a reduced role in these offenses and is not alleged to have been the prime actor. Defendant further argues that after a full evaluation, Pre-Trial Services recommended home detention, not pretrial incarceration; that he has only one prior conviction for a misdemeanor gun charge in Allegheny County, with no other past criminal history; that he is gainfully employed, working at WAMO; and that his mother is a project manager at PNC Bank; and that he has strong ties to the community. According to Defendant, in addition to his mother, his fiancée and their two-year-old child live in the Pittsburgh area and he is expecting another child soon. If released, Defendant contends that could care for his child(ren) while his fiancée is at work.

Defendant argues that there are conditions of release that can reasonably ensure his appearance as required and the safety of the community, such as: electronic home monitoring; release for work; daily reporting by phone to Pre-Trial Services and/or weekly in-person reporting; no contact with his co-defendant; and his mother would agree to supervise him at home and report any violations to Pre-Trial Services.

In this case, in light of the nature of the charges, the rebuttable presumption has been triggered. However, as stated above, Defendant Ottey may rebut this presumption by presenting "some credible evidence that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 599, 560 (3d Cir. 1986). To this end, the Court should consider the four factors listed above, and if at the end of this analysis, the defendant rebuts the presumption, the burden shifts back to the government to prove the defendant poses a threat of flight and a threat of dangerousness to the community. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

This Court has reviewed the transcript of the proceedings conducted by Magistrate Judge Mitchell, has considered the additional information and material set forth in the parties' briefs, and in accordance with the guidelines set forth in the Bail Reform Act, this Court finds that Defendant Ottey has not rebutted the statutory presumption, and none of the above four (4) factors weigh in favor of release.[1]

Specifically, as to factors one and two (nature of the offense and weight of the evidence), the Government presented direct and circumstantial evidence that Ottey conspired with his Co-Defendant Bryan Campbell to rob three banks in the Western District of Pennsylvania from March 7, 2017 to July 22, 2017. Ottey provided the firearm and the transportation for each of these robberies. Campbell brandished the firearm given to him by Ottey in the first and second robbery as well as the attempted robbery. Ottey, when approached by the FBI, admitted to possessing the firearm found at a search of his residence. The Government presented evidence at the hearing that showed similarities between this firearm and the one used in the robberies. Additionally, Campbell stated that the gun he used in each robbery was given to him by Ottey.

---

[1] Although the Court notes that Defendant does not have a history of prior criminal convictions, under factor three, this is not sufficient to rebut the presumption given that the other factors weigh against him.

The Government presented evidence that Defendant participated in three violent bank robberies. These robberies arguably could not have taken place without Defendant Ottey putting the gun in Co-Defendant Campbell's hand and either driving him to the bank or making his girlfriend's car available to Campbell for use in the robberies.

Magistrate Judge Mitchell was presented with ample evidence at the combined preliminary and detention hearing. This evidence included testimony about surveillance footage tracing Ottey and Campbell from Ottey's house to the first bank robbery; surveillance photos of Ottey casing the first bank that was robbed three days before the robbery; financial information showing that Ottey bought a car one day after the second robbery; license plate reader photos showing Ottey's newly purchased car travelling to the third attempted bank robbery; and testimony regarding Campbell's full confession implicating his co-defendant. Additionally, as to factors three and four, as Judge Mitchell noted, and this Court agrees, Defendant has no significant income, yet he made a $6,000 cash expenditure on the day after the second robbery.

Based upon these facts, this Court finds that Judge Mitchell appropriately determined Ottey is a danger to the community, that no condition or combination of conditions can reasonably assure the safety of the community, and that presumption of danger to the community has not been rebutted. In other words, after a *de novo* review, the Court finds that detention is warranted here.

**IV.    Conclusion**

Accordingly, for the reasons set forth herein, this Court will AFFIRM the decision of

United States Magistrate Judge Mitchell to deny release on bail.  Defendant's Motion for

Reconsideration (doc. 22) is therefore DENIED.


s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  All Registered ECF Counsel and Parties